# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-01127** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ONE OR MORE UNKNOWN** | : | |
| **CONFIDENTIAL INFORMANTS** | : | |
| **OF FEDERAL PRISON CAMP** | : | |
| **CANAAN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

-----------------------------------------------------------------------------

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-01228** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SIX OR MORE UNKNOWN** | : | |
| **NAMED LT'S AND** | : | |
| **CORRECTIONAL OFFICERS** | : | |
| **OF USP-CANAAN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

Plaintiff Frederick Banks ("Banks") initiated both of the above-captioned

Bivens[1] styled civil rights actions pursuant to 28 U.S.C. § 1331.  At the time Banks

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official."  Butz v. Economou, 438 U.S. 478, 504 (1978).

filed these complaints he was incarcerated at the United States Penitentiary at Canaan, in Waymart, Pennsylvania ("USP-Canaan").  Presently before the court is a motion to dismiss or, in the alternative, for summary judgment (1:06-cv-1228, Doc. 16) Banks' complaint docketed at 1:06-cv-1228 (1:06-cv-1228, Doc. 1-2), filed on behalf of the defendants.[2]  Also before the court is a motion to dismiss (1:06-cv-1127, Doc. 28) Banks' complaint docketed at 1:06-cv-1127, filed on behalf of the defendants.[3]  Also pending is Banks' motion to amend the complaint docketed at 1:06-cv-1127.  (1:06-cv-1127, Doc. 35.)  For the reasons set forth below, the motion for summary judgment (1:06-cv-1228, Doc. 16) will be granted in part, the motion to dismiss (1:06-cv-1127, Doc. 28) will be denied as moot, the actions will be ordered consolidated, and Banks will be granted leave to file one all-inclusive amended complaint.

## I.   <u>Background</u>

In each complaint, Banks alleges that USP-Canaan officials have violated his constitutional right of access to the courts.  In the complaint docketed at 1:06-cv-1228, Banks alleges that prison officials denied him access to the prison's law library, telephone, and stamps.  (1:06-cv-1228, Doc. 1-2 at 1.)  In the complaint

_____

[2] The defendants in civil action no. 1:06-cv-1228 are Cameron Lindsay, the warden of USP-Canaan, D. Hess, a lieutenant at USP-Canaan, Lloyd Bender, a senior officer specialist, and "six or more unknown named lt's and correctional officers of USP-Canaan."  (<u>See</u> 1:06-cv-1228, Doc. 1.)

[3] The defendants in civil action no. 1:06-cv-1127 are the Bureau of Prisons ("BOP"), its director, and one or more unknown named confidential informants of USP-Canaan.  (<u>See</u> 1:06-cv-1127, Doc. 1.)

docketed at 1:06-cv-1127, Banks alleges that prison officials refused to provide him with stamps after he indicated that he did not have the money to purchase stamps for his legal mailings.  (1:06-cv-1127, Doc. 1 at 1.)  Each complaint spans the months of April and May of 2006.  As relief, Banks seeks monetary damages as well as injunctive relief.

Following service of the complaint docketed at 1:06-cv-1228, the defendants filed a motion to dismiss or, in the alternative, for summary judgment (1:06-cv-1228, Doc. 16), arguing, in part, that defendant Lindsay, the warden at USP-Canaan, should be dismissed because the doctrine of *respondeat superior* cannot form the basis of a <u>Bivens</u> claim.

Following service of the complaint docketed at 1:06-cv-1127, the defendants filed a motion to dismiss[4] (1:06-cv-1127, Doc. 28), arguing, in part, that not only should the BOP be dismissed because it is not a proper party in a <u>Bivens</u> action, but also the director of the BOP should be dismissed on the basis that *respondeat superior* cannot form the basis of a <u>Bivens</u> claim.

## II.   <u>Standards of Review</u>

### A.   Motion for Summary Judgment

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury."  <u>Pappas v. City of Lebanon</u>, 331 F. Supp 2d 311, 315 (M.D. Pa. 2004).  Faced with such a motion, the adverse party must

---

[4] The defendants did not file an alternative motion for summary judgment.

produce affirmative evidence, beyond the disputed allegations of the pleadings, in

support of the claim.  FED. R. CIV. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317,

322-23 (1986); Corneal v. Jackson Twp., 313 F. Supp 2d 457, 464 (M.D. Pa. 2003).

"Such affirmative evidence - regardless of whether it is direct or circumstantial -

must amount to more than a scintilla, but may amount to less (in the evaluation of

the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d

Cir. 2001) (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d

Cir. 1989).  Only if this burden is met can the cause of action proceed.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); see FED. R. CIV. P. 56(c), (e).

**B.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that

fails to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In

the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true

all of the factual allegations in the complaint and all reasonable inferences that can

be drawn therefrom.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.

2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is

generally limited in its review to the facts alleged in the complaint, it "may also

consider matters of public record, orders, exhibits attached to the complaint and

items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &

Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory

Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although a district court

ruling on a motion to dismiss may not generally consider matters extraneous to the

4

pleadings, a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1224 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiff's cause of action." <u>Langford</u>, 235 F.3d at 847. The court must grant leave to amend before dismissing a complaint that is merely deficient. See <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   <u>Discussion</u>

### A.   **Civil Action no. 1:06-cv-1228**

The defendants have filed a motion to dismiss or, in the alternative, for summary judgment (1:06-cv-1228, Doc. 16), contending, in part, that defendant Lindsay should be dismissed from the instant <u>Bivens</u> action insofar as he is named in the complaint solely because of his position as the warden of USP-Canaan.

A <u>Bivens</u>-styled civil rights action is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. See <u>Paton v. La Prade</u>, 524 F.2d 862, 871 (3d Cir. 1975); <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992). In order to state an actionable <u>Bivens</u>

claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Keohane</u>, 809 F. Supp. at 1199. The United States and its federal agencies cannot be named as defendants in a <u>Bivens</u> action. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 485-86 (1994).

It is well-established that personal liability in a civil rights action cannot be imposed upon a governmental official based on a theory of *respondeat superior.* <u>See Rizzo v. Goode</u>, 423 U.S. 362, 372-73 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976). Furthermore, each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which the plaintiff's claims are based. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1998). As explained in <u>Rode</u>,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.* Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Id</u>. (citations omitted).

Here, in the complaint docketed at 1:06-cv-1228, absent naming defendant Lindsay in the caption of this action, Banks' complaint is completely silent with respect to defendant Lindsay. There are simply no assertions of any personal knowledge, involvement, or acquiescence by defendant Lindsay in the purported constitutional misconduct. Banks appears to have named defendant Lindsay as an

individual defendant solely based on his position as the warden of USP-Canaan.

Consequently, the motion for summary judgment shall be granted with respect to

defendant Lindsay.[5]

### B.    Civil Action no. 1:06-cv-1127

The defendants have filed a motion to dismiss (1:06-cv-1127, Doc. 28) the

complaint docketed at 1:06-cv-1127, contending, in part, that the BOP should be

dismissed on the basis that it is not a proper party in this <u>Bivens</u> action.  In

addition, the director of the BOP seeks dismissal based on the fact that *respondeat*

*superior* cannot form the basis of a <u>Bivens</u> action.

Turning first to the BOP's argument, defendant BOP seeks to dismiss the

complaint on the grounds of sovereign immunity.  (<u>See</u> 1:06-cv-1127, Doc. 32-1 at 1.)

The doctrine of sovereign immunity renders the United States, its departments and

officials immune from suit except where the United States has consented to be

sued.  <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976) (quoting <u>United States v.</u>

<u>Sherwood</u>, 312 U.S. 584, 587-88 (1941), which found that "[e]xcept as Congress has

consented [to a cause of action against the United States], there is no jurisdiction . .

. to entertain suits against the United States."); <u>Sherwood</u>, 312 U.S. at 586 (holding

that "[t]he United States, as sovereign, is immune from suit save as it consents to be

sued, and the terms of its consent to be sued in any court define that court's

---

[5] Because the court will grant Banks' motion for leave to amend the
complaint, as well as order consolidation of the actions, the remaining grounds for
dismissal in defendants' motion to dismiss or, in the alternative, for summary
judgment, will not be addressed.

jurisdiction to entertain the suit"). The United States has not waived sovereign immunity with respect to constitutional claims. See Bivens, 403 U.S. at 410. Consequently, the doctrine of sovereign immunity precludes a plaintiff from bringing a Bivens action against a federal agency. See Meyer, 510 U.S. at 484-86. Here, it is self-evident that the BOP is a federal agency and, thus, subject to dismissal from the instant action. However, while the court agrees that the BOP is not a properly named party in the instant action, the complaint is curable with an amendment. As a result, the motion to dismiss will be denied as moot.

The defendants also contend that the director of the BOP should be dismissed because *respondeat superior* cannot form the basis of the Bivens action asserted by Banks. As stated herein, it is well-established that personal liability in a civil rights action cannot be imposed upon a governmental official based on a theory of *respondeat superior*. See Rizzo, 423 U.S. at 372-73 ; Hampton, 546 F.2d at 1082. As in the case of defendant Lindsay set forth above, Banks has failed to assert any involvement, knowledge or acquiescence on the part of the director of the BOP in the instant complaint. He makes no specific allegations against this defendant. Again, Banks appears to have named the director of the BOP in his complaint solely based on his position as the head of the BOP. Consequently, the court agrees that the director of the BOP is not a properly named party in the instant action, and is therefore subject to dismissal. However, because the complaint is curable with an amendment, the motion to dismiss with respect to the director of the BOP will be denied as moot.

8

### C.    Consolidation

A review of both <u>Bivens</u> actions reveals that they involve common facts and questions of law.  For the reasons outlined below, the court will direct that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under civil action no. 1:06-cv-1127, which was the initially filed action.

> Rule 42(a) of the Federal Rules of Civil Procedure provides:
>
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

A review of the respective civil rights actions reveals that they are significantly similar.  The actions assert essentially the same claims for relief, claims relating to access to the courts, and span essentially the same time period.  In addition, the actions contain common factors of law and fact.  As a result, in the interests of judicial economy, the court will order the consolidation of the two actions pursuant to Rule 42(a) and will proceed with the consolidated matter under Banks' initially filed action, civil action no. 1:06-cv-1127.

### D.    Motion to Amend

In civil action no. 1:06-cv-1127, Banks has filed a motion for leave to amend the complaint.  (1:06-cv-1127, Doc. 33.)  He attempts to name additional defendants and adds claims of racial discrimination and violations of his first, fourth, fifth, and

sixth amendment rights.  While the court agrees that defendants Lindsay and

director of BOP are not properly named parties in the instant actions, the

complaints are curable with an amendment.[6]

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that after a

responsive pleading, a party may amend its pleading "only by leave of court or by

written consent of the adverse party; and leave shall be freely given when justice so

requires."  Denial of an amendment must be based on bad faith or dilatory motives,

truly undue or unexplained delay, repeated failures to cure the deficiency by

amendments previously allowed, or futility of amendment.  Foman v. Davis, 371

U.S. 178, 182 (1962); USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004).

"Amendment of the complaint is futile if the amendment will not cure the

deficiency in the original complaint or if the amended complaint cannot withstand a

renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 863

F.2d 289, 292 (3d Cir. 1988) (citing Massarsky v. General Motors Corp., 706 F.2d 111,

125 (3d Cir. 1983)).

In the instant case, the court concludes that Banks has not shown that

amendment would be futile.  As a result, in the interests of justice to this pro se

litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court will grant Banks

---

[6] Because the court will grant Banks' motion for leave to amend the
complaint, as set forth in civil action no. 1:06-cv-1127, but limited to one all-inclusive
amended complaint pursuant to the court's consolidation of the actions named
herein, the remaining grounds for dismissal in defendants' motions will not be
addressed.

the opportunity to file one all-inclusive amended complaint attempting to state an actionable <u>Bivens</u> claim against a named defendant or defendants.  He will be afforded twenty (20) days from the date of this order within which to file a proper amended complaint.  In preparing his amended complaint, Banks is advised that Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  <u>Walker v. South Cent. Bell Tel. Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990).

In addition, Banks is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must establish the existence of

actions by defendants which have resulted in constitutional deprivations.  E.g.,

Rizzo v. Goode, 423 U.S. 362, 370-73 (1976).[7]

Failure to submit an amended complaint which complies with the directives

set out herein may result in dismissal of the complaint.

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge



Dated:      May 17, 2007

---

[7] Banks' proposed amended complaint (1:06-cv-1127, Doc. 33) indicates that he may be intending to pursue this matter under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., as well as under Bivens.  (See 1:06-cv-1127, Doc. 33 at 3.) Banks is reminded that if he is doing so, the amended complaint must set forth specific facts relating to both those claims.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-01127** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ONE OR MORE UNKNOWN** | : | |
| **CONFIDENTIAL INFORMANTS** | : | |
| **OF FEDERAL PRISON CAMP** | : | |
| **CANAAN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

-----------------------------------------------------------------------------

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-01228** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SIX OR MORE UNKNOWN** | : | |
| **NAMED LT'S AND** | : | |
| **CORRECTIONAL OFFICERS** | : | |
| **OF USP-CANAAN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 17th day of May, 2007, for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.  Defendants' motion for summary judgment pursuant to FED. R. CIV. P.
    56 (1:06-cv-1228, Doc. 16) is GRANTED as to defendant Lindsay.  The
    Clerk of Court is directed to ENTER judgment in favor of defendant
    Lindsay and against plaintiff.

2.  Defendants' motion to dismiss (1:06-cv-1127, Doc. 28) is DENIED as
    moot.

3.     The Clerk of Court is directed to CONSOLIDATE <u>Banks v. Six or More Unknown Named LT's and Correctional Officers of USP-Canaan, et al.</u>, civil no. 1:06-cv-1228, into <u>Banks v. One or More Confidential Informants of Federal Prison Camp Canaan, et al.</u>, civil no. 1:06-cv-1127, pursuant to FED. R. CIV. P. 42(a).

4.     The Clerk of Court is directed to CLOSE <u>Banks v. Six or More Unknown Named LT's and Correctional Officers of USP-Canaan, et al.</u>, civil no. 1:06-cv-1228.

5.     Plaintiff's motion for leave to amend the complaint (1:06-cv-1127, Doc. 35) is GRANTED.  Plaintiff is hereby granted leave to file an amended complaint as prescribed by the court herein on or before June 7, 2007.

6.     Failure to timely file an amended complaint may result in a dismissal of the action.


                                    <u>  S/ Christopher C. Conner      </u>
                                    CHRISTOPHER C. CONNER
                                    United States District Judge